IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN GALLICK, III,)
)
      Plaintiff,)
)
-vs-) Civil Action No. 15-919
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
      Defendant.)

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 6 and 8). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 7 and 9). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 6) and granting Defendant's Motion for Summary Judgment. (ECF No. 8).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since July 14, 2010. (ECF No. 4-5, p. 2). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on September 26, 2013. (ECF No. 4-2, p. 42-66). On November 25, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 4-2, pp. 26-37).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 6 and 8). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### C. Activities of Daily Living

Plaintiff first argues that the ALJ erred in considering his activities of daily living ("ADLs"). (ECF No. 7, pp. 7-8). Specifically, he suggests that the ALJ "impermissibly equated Claimant's ability to do daily activities with the ability to perform substantial gainful activity." *Id.* at 8. Contrary to Plaintiff's position, I find the ALJ did not equate his ability to do daily activities with the ability to perform substantial gainful activity. *See,* ECF No. 4-2, pp. 26-32. If the ALJ had equated his ability to do daily activities with substantial gainful activity, then the ALJ would have found Plaintiff not disabled at step 1 and the analysis would have ended there. As the ALJ noted, "[a]t step one, the undersigned must determine whether the claimant is engaging in substantial gainful activity….If an individual engages in SGA, he is not disabled, regardless of how severe his physical or mental impairments are and regardless of his age, education, and work experience. If the individual is not engaging in SGA, the analysis proceeds to the second step." (ECF No. 4-2, p. 27). The ALJ's analysis did not end at step 1. *See,* ECF No. 14-2, pp. 26-37.

3

Additionally, an ALJ is required to consider, *inter alia,* a plaintiff's activities of daily living. *See,* Social Security Ruling 96-7p and 20 C.F.R. §404.1529. In this case, the ALJ did exactly that. (ECF No. 4-2, pp. 26-37). After a review of the record, I find the ALJ's statements regarding Plaintiff's ADL to be supported substantial evidence. (ECF No. 4-2, pp. 26-37). Consequently, I find no error in this regard.

**C.    Medical Opinion Evidence**

Plaintiff next argues that the ALJ erred in assessing the medical opinion evidence as it relates to four doctors (Drs. Holets, Michael, Urrea and Crabtree) when she determined his residual functional capacity (RFC").[1] (ECF No. 7, pp. 8-11). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 404.1545(a).

4

has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

With regard to Dr. Holets, Plaintiff concludes that the ALJ erred in rejecting Dr. Holets' opinion in favor of the opinion of the non-examining agency medical consultant. (ECF No. 7, pp. 8-9). The entirety of Plaintiff's argument in support thereof is just a summary of Dr. Holets' opinion. *Id.* at 9. To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced and cannot serve as the basis for remand.

Dr. Michael is Plaintiff's treating physician. Plaintiff argues that the ALJ erred discounting his opinion based on the rationale that Dr. Michael's opinion was unclear. (ECF No. 7, pp. 9-10). Plaintiff also suggests that the ALJ erred in rejecting Dr. Michael's opinion regarding the sitting, standing and walking limitations because Plaintiff says those limitations set by Dr. Michael are clear. *Id.* After a review of the record, I disagree.

Dr. Michael provided a medical source statement. (ECF No. 4-11, pp. 36-37). Therein, Dr. Michael opined that Plaintiff could frequently lift and carry 20, 25, 50 and 100 pounds. *Id* at 36. He also opined that Plaintiff could only occasionally lift and carry 2-3 and 10 pounds. *Id.*

The ALJ noted that this appears to be "internally inconsistent and the doctor's actual intentions regarding the claimant's weight limits are unclear." (ECF No. 4-2, p. 33). The ALJ give Dr. Michael's opinion little weight as it relates to Plaintiff's lifting and carrying capacity because it was muddled. *Id.* After a review of the form, I agree with the ALJ that the Dr. Michael's responses are inconsistent, as well as, unclear and muddled as they relate to Plaintiff's ability to lift and carry. (ECF No. 4-11, p. 36). These reasons are appropriate, sufficiently explained and supported by substantial evidence of record. (ECF No. 4-2, pp. 33-34); 20 C.F.R. §404.1527 (discussing the evaluation of medical opinions). Therefore, I find no error in this regard on the part of the ALJ.

In the alternative, Plaintiff concludes that "even if the lifting/carrying limitations are unclear, that is not sufficient [a] reason to reject the doctor's opinion regarding the sitting, standing and walking limitations, which were clear and would preclude medium work." (ECF No. 7, p. 10). A review of the record reveals, however, that the ALJ did not reject the sitting, standing and walking limitations opined by Dr. Michael because they were unclear. *See,* ECF No. 4-2, pp. 33-34. Rather, the ALJ specifically gave Dr. Michael's opinion regarding sitting, standing and walking limitations little weight because they were not "supported by the objective evidence or record, including the functional capacity evaluation." (ECF No. 4-2, p. 34). This is an appropriate reason to discount opinion evidence. 20 C.F.R. §404.1527 (discussing the evaluation of medical opinions). Consequently, I find no merit to Plaintiff's argument in this regard.

Plaintiff next argues that the ALJ impermissibly rejected the opinion of Dr. Urrea, Plaintiff's treating psychiatrist. (ECF No. 7, pp. 10-11). In support thereof, Plaintiff first suggests that Dr. Urrea's opinion was entitled to great weight because he was his treating psychiatrist. *Id.* at p. 10. Contrary to Plaintiff's position, and as set forth more fully above, a treating doctor's opinion is only entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence

of record. 20 C.F.R. §404.1527(c)(2). When the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Becker,* 2010 WL 5078238, at *5. In this case, there were conflicting medical opinions. Therefore, contrary to Plaintiff's position, Dr. Urrea's opinion was not entitled to controlling weight simply because he was a treating doctor. Rather, the ALJ was required to weigh the medical evidence to determine the weight of Dr. Urrea's opinion, which the ALJ did.

Then, Plaintiff argues that the ALJ erred in giving the opinion of Dr. Urrea some weight because "she again stated that Claimant's ability to engage in certain activities as traveling and shopping, were not consistent with Dr. Urrea's opinion." (ECF No. 7, p. 10). Similarly, Plaintiff argues that the ALJ erred in giving the opinion of Dr. Crabtree only some weight based on Plaintiff's ADLs. (ECF No. 7, p. 11). To that end, Plaintiff again states that "these activities have no bearing on Claimant's ability to engage in full time employment." *Id.* at p. 11. I disagree. As set forth above, ADL are relevant and it is completely appropriate for an ALJ to consider a plaintiff's ADL in weighing evidence and determining the RFC. *See,* SSR 96-7p and 20 C.F.R. §404.1529. Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN GALLICK, III, )
 )
      Plaintiff, )
 )
-vs- ) Civil Action No. 15-919
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 18th day of April, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 6) is denied and Defendant's Motion for Summary Judgment (Docket No. 8) is granted.

                                    BY THE COURT:

                                    s/ Donetta W. Ambrose
                                    Donetta W. Ambrose
                                    United States Senior District Judge